

# THE ATTORNEY GENERAL
## OF TEXAS
### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

April 12, 1951

Hon. Geo. W. Cox, M.D.
State Health Officer
State Department of Health
Austin, Texas

Opinion No. V-1168

Re: Authority of the State
Department of Health
to defray the cost of
diagnostic procedures
to determine eligibil-
ity of children for
crippled children's
care and treatment.

Dear Dr. Cox:

     Your request for an opinion relates to the au-
thority of the Crippled Children's Division of the State
Department of Health to finance diagnostic procedures to
determine if a child comes within the provisions and in-
tent of House Bill 754, Acts 49th Leg., 1945, ch.216, p.
298 (Art. 4419c, V.C.S.), without first having procured
a certificate of the county judge to the effect that the
child's parents are financially unable to provide the
care and treatment embraced in the act.

     The Federal Government has provided a grant to
States for the purpose of enabling each State to extend
and improve services for locating crippled children and
for providing medical, surgical, corrective, and other
services and care, and facilities for diagnosis, hospi-
talization, and aftercare for children who are crippled
or who are suffering from conditions which lead to crip-
pling. (42 U.S.C.A. §§ 711-714.)

     Pursuant to the crippled children's program
above referred to, the Federal Security Agency has pro-
mulgated certain rules and regulations, the pertinent
regulation for the purpose of this discussion being Sec-
tion 200.9,[1] which is as follows:

---

1.  42 Code Fed. Regs. Sec. 200.9 (1949 Cum.Pocket Supp.)

"State Plans for Crippled Children's
Services shall provide that the diagnostic
services under the plan will be made avail-
able within the area served by each diag-
nostic center to any child (a) without charge,
(b) without restriction or requirement as to
the economic status of such child's family or
relatives or their legal residence, and (c)
without any requirement for the referral of
such child by any individual or agency."

In the furtherance of this program, an act was
passed by the Texas Legislature creating a physical re-
storation service for crippled children in the State De-
partment of Health.  Art. 4419c, supra.  This act makes
provisions for locating, examining, and physically re-
storing crippled children of the State.  Section 3 of
Article 4419c empowers the Crippled Children's Division
to "take census, make surveys and establish permanent
records of crippled children . . . and to take such other
steps as may be necessary in order to accomplish the pur-
poses of this Act."  As to care and treatment of crippled
children, Section 4 of the act places a limitation thereon
by requiring the county judge of the county in which the
child resides to certify to the State Department of Health,
upon sworn petition of the parents, that the parents are
financially unable to provide such care and treatment. It
is further provided that the county judge must also certi-
fy that one or more physicians regularly practicing under
the laws of the State of Texas have examined the child and
have recommended such child as coming within the provisions
and intent of this act.  Section 8 of the act empowers and
directs the State Department of Health to take all action
necessary to accomplish the purposes provided or implied
by the act and to cooperate with public agencies, Federal,
State, county, and local, and with private agencies and in-
dividuals interested in the welfare of crippled children.

In addition to authorization contained in Arti-
cle 4419c, supra, State participation in this program is
authorized by Section 2, Subdivision 10, of the General
Appropriation Act (H.B. 322, Acts 51st Leg., R.S. 1949,
ch.615, at p. 1345), which states that the proper officer
or officers of any State departments, bureaus, divisions,
or State agencies are authorized to make application for,
accept any gifts, grants, allotments, or funds from the
United States Government or educational or health projects
and programs to be used on State cooperative and other
projects and programs in Texas.  The statute further pro-
vides that all of such funds shall be deposited in the

State Treasury and are appropriated to the specific purpose or purposes authorized by the grantor, and shall "be withdrawn from the State Treasury subject to limitations placed on this Act except if contrary to the purposes for which the funds were received."

As noted above, in order for a child to be accepted for treatment, the county judge must certify that the child's parents are financially unable to provide the necessary care and treatment, and must further certify that one or more physicians have examined the child and have recommended him as coming within the provisions and intent of the act. Art. 4419c, Sec. 4. You state that in numerous cases a physician cannot make a definite diagnosis for determining whether the child comes within the provisions and intent of the act, nor can he determine the extent of crippling, without various types of laboratory tests and X-rays. Your inquiry is whether the State Department of Health may pay for these preliminary diagnostic examinations without securing the certificate of the county judge.

It is our opinion that a necessary diagnosis by laboratory tests or otherwise may be paid for by the State Department of Health without the necessity of obtaining a certificate of the parents' financial inability from the county judge. The limitation contained in Section 4 of Article 4419c is a requirement that a certificate of financial inability be obtained only as a prerequisite to accepting the child for care and treatment and does not relate to the preliminary diagnosis. This conclusion is borne out by the provisions of Sections 3 and 8 of Article 4419c, as well as by the specific requirements of the Federal regulation quoted above. Moreover, the county judge could not certify that a parent was financially unable to provide care and treatment in the absence of an adequate diagnosis as to the nature of the crippling condition.

## SUMMARY

The Crippled Children's Division of the Texas State Department of Health is authorized by House Bill 754, Acts 49th Leg., 1945, ch.216, p.298 (Art. 4419c, V.C.S.), to finance diagnostic procedures ordered by practicing physicians to determine if a child comes under

the provisions of the act without securing
a certificate of the county judge that the
child's parents are financially unable to
provide the needed care and treatment.  This
limitation contained in House Bill 754 is
only applicable to care and treatment of
crippled children and is not a limitation
relating to diagnostic procedure.

APPROVED:                          Yours very truly,

J. C. Davis, Jr.                     PRICE DANIEL
County Affairs Division            Attorney General

Jesse P. Luton, Jr.
Reviewing Assistant

Charles D. Mathews                 Burnell Waldrep
First Assistant                        Assistant

BW:mw